CASE 117—PETITIONS EQUITY—FEBRUARY 26.

## Skinner v. Walker, &c.
## Walker, &c., v. Skinner.
## Braswell, &c., v. Walker.

APPEALS FROM LYON CIRCUIT COURT.

1. VENDOR AND VENDEE—DEFICIT.—Where a tract of land conveyed was stated in the deed to contain "170 acres, 3 roods and 20 poles," and the consideration recited was $3,000, the precision and minuteness with which the quantity was stated show purpose of the parties to thus indicate the number of acres and fraction of an acre they then believed and agreed the tract contained, and therefore the sale must be regarded as by the acre. And, it appearing upon an actual survey that there is a deficit of 40 acres and 1 pole, the vendee is entitled to an abatement of the purchase price. But, even if the sale was not actually intended to be by the acre, the parties certainly did not contemplate a risk of more than the usual rate of excess or deficit in similar cases, and therefore, in any event, the vendee is entitled to relief.

2. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.—Within the meaning of that provision of the Civil Code authorizing a new trial upon the ground of "newly-discovered evidence" which the party applying "could not with reasonable diligence have discovered and produced on the trial," "reasonable diligence" does not necessarily involve an effort by the party to discover evidence proving or tending to prove a given fact unless he has sufficient ground to believe it exists, or at least to put him on inquiry. Therefore in an action to enforce a vendor's lien for purchase money the failure of the vendee to discover before judgment was rendered

that there was a deficit was not such lack of diligence as to deprive him of the right to a new trial upon the ground of the discovery, after the trial, of evidence of that fact, there having been nothing to suggest a deficit or to put him on inquiry.

3. HOMESTEAD—EFFECT OF DIVORCE.—A divorce from the bonds of matrimony extinguishes all right of either husband or wife to the homestead owned by the other. Therefore a divorced wife can not claim a homestead for herself and infant child in a tract of land mortgaged by the husband, upon the ground that she did not unite in the mortgage and that the husband refuses to claim the exemption.

4. APPLICATION OF PAYMENTS.—The vendor had the right to apply payments made by the vendee to other notes than the land notes, there being no direction or agreement as to how they should be applied.

F. W. DARBY FOR N. T. BRASWELL AND R. E. WALKER.

1. The minuteness with which the land is described shows that exactness was intended and that the purchaser did not intend to risk the quantity. (Harrison v. Talbot, 2 Dana, 258; Meriwether v. Lewis, 9 B. M., 175; Fannin v. Bellamy, 5 Bush, 664.)

2. The wife having permanently abandoned the land as a home, and by seeking and obtaining a divorce cut herself off from all claim on her husband or his property, the court erred in giving her the benefit of homestead for life. (Brame, &c. v. Craig, 12 Bush, 407; Gen. Stats., p. 577, sec. 14; Thompson on Homestead, sec. 43; 64 Ill., 160; 44 Texas, 179; Cockril v. Curtis, 18 S. W. Rep., 436; Wickersham v. Comerford, 31 Pac. Rep., 96; Heaton v. Sawyer, 15 Atl. Rep., 166; *In re* Romero's Estate, 17 Pac. Rep., 434; Stanton v. Hitchcock, 31 N. W. Rep., 395.)

D. B. CASSIDY AND WM. MARBLE FOR APPELLANT F. H. SKINNER'S EXECUTOR.

1. The court erred in granting a new trial. Newly discovered evidence upon a question not involved in the issue upon which the case was tried will not justify a new trial. (16 Am. and Eng. Enc. of Law, p. 580.)

Besides, reasonable diligence was not shown.

2. The court erred in granting the allowance on account of the shortage in the land. The statement in the deed of the number of acres was merely by way of description. But even if the right to relief originally existed the parties have by their conduct waived and forfeited that right. (Harrison v. Talbot, 2 Dana, 258.)

3. The delay alone was sufficient to deprive the parties of the right to relief, although the statute of limitations was not pleaded. (Dye v. Holland, 4 Bush, 635; Grundy's heirs v. Grundy, &c., 12 B. Mon., 272.)

T. J. WATKINS for appellee ADALINE WALKER.

1. It is impossible under the pleadings for R. E. Walker in his own right to recover the homestead as he does not assert claim thereto as against Braswell.
2. In any event the wife and child should have a fair proportion of the husband's estate considering what he has or had when the suit was filed. And the $1.000 even if set apart to the wife and child absolutely (and not merely its temporary use) would not have been more than their fair and just proportion of his estate. (Quisenberry v. Quisenberry, 1 Duv., 197; Pence v. Pence, 6 B. Mon., 496; Thornberry v. Thornberry, 4 Litt., 252; Fishli v. Fishli, 2 Litt., 338.)
3. Even though the fact that Mrs. Walker was driven away from her husband and homestead by his cruel and inhuman treatment wrought a forfeiture of her homestead right, and had the effect to vest said homestead right exclusively in her said husband (a proposition not admitted), yet in that event the levy of the attachment upon the homestead tract of land created a lien under which the homestead fund of $1,000 should have been subjected *absolutely.*
4. N. T. Braswell's mortgage is void because appellee did not join with her husband in its execution. (Gen. Stats., chap. 38, art. 13, sec. 13; Thorn v. Darlington, 6 Bush, 448; Wing v. Hayden, 10 Bush, 276; Brame and wife v. Craig, 12 Bush, 404; McGrath v. Berry, 13 Bush, 391; Crout v. Sauter, 13 Bush, 442; Lear v. Totten, 14 Bush, 101; Hemphill v. Haas, Lyons & Co., 88 Ky., 492; Hensey v. Hensey, 15 Ky. Law Rep., 426.)
5. The mortgage being void when executed, validity was not imparted to it by appellee and her husband afterwards ceasing to occupy the land as a homestead. (Lear v. Totten, 14 Bush, 101; Wing v. Hayden, 10 Bush, 276.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

November, 1888, N. T. Braswell brought an action against R. E. Walker to enforce a lien upon two tracts of land, stated in the mortgage to contain 170 acres, 3 roods, 20 poles, and 194 acres, to satisfy a debt of $5,756. F. H. Skinner, becom-

ing a party, sought by cross action the enforcement of a lien upon the first-mentioned tract to satisfy residue of purchase money; and Adaline Walker, having previously obtained judgment of absolute divorce from R. E. Walker, also became a party, and in her pleading set up, as had been done in the action for divorce, claim of homestead for herself and infant child in the tract of 194 acres upon the ground she did not unite in the mortgage to Braswell.

June, 1889, was entered an agreed judgment for the amount of the debts of Braswell and Skinner, less a disputed credit on the latter, and for sale of the two tracts of land, that took place October, 1889, when Braswell purchased the Skinner tract at twenty-five hundred dollars and the 194-acre tract at twenty-eight hundred dollars. But December, 1889, after term of court at which the judgment was rendered, Braswell and R. E. Walker brought a distinct action for a new trial of the cross action of Skinner upon the ground there was a deficit in the quantity of land sold and conveyed by him. Braswell, as purchaser, also filed exceptions to the sale of that tract upon the same ground.

By final judgment rendered in the three actions, consolidated and heard together, a new trial was granted, the sale of the Skinner tract set aside, and a sum proportioned to the deficit deducted from the amount of purchase money sued for. From that part of the judgment Skinner has appealed.

It was also adjudged that the sum of five hundred dollars paid by R. E. Walker had been rightfully applied by Skinner as credit on other notes and an account, instead of the land note sued on; and from that part of the judgment R. E. Walker and Braswell have appealed. But it may as well be now said that as there is no satisfactory evidence either Walker directed or Skinner agreed for that sum to be ap-

plied as partial payment of the land note, the latter had the right to apply it as was done.

It was further adjudged Adaline Walker still retained a homestead in the tract of 194 acres, and that in lieu of it one thousand dollars, proceeds thereof, be set apart, and that in lieu of it at the rate of six per cent. per annum be paid to her.    From that part of the judgment R. E. Walker and Braswell have appealed.

We will first consider questions arising on the appeal of Skinner.    The tract of land was sold and conveyed by him to R. E. Walker for the consideration of three thousand dollars, and contain, as stated in the deed, 170 acres, 3 roods, and 20 poles, which was at the rate of seventeen dollars and more per acre.    But, according to actual survey made under order of court, there is a deficit of 40 acres, 1 pole, resulting in a loss to Walker of $706, which the lower court adjudged should be deducted from the purchase price.

The general principle applicable to such case as settled by this court is that "when it is evident there has been a *gross* mistake as to quantity, and the complaining party has not been guilty of any fraud or culpable negligence, nor has otherwise impaired the equity resulting from the mistake, he may be entitled to relief from the technical legal effect of his contract, whether it be executed or executory." And that principle applies, subject to exception, "whether the sale is of a specific quantity, usually denominated a sale by the acre, or of a specific tract by name or description, ordinarily called a sale in gross;" though, as said, "in a sale by the acre much less variation from the quantity intended to be conveyed would afford evidence of a mistake which would justify interposition of a court of equity to correct it than would be sufficient for that purpose in a sale of the other descrip-

tion." (Young v. Craig, 2 Bibb, 270; Harrison v. Talbot, 2 Dana, 258.)

In Harrison v. Talbot, where the general subject was elaborately considered and authorities collated, sales in gross were thus classified:

1. Sales strictly and essentially by the tract, without reference in the negotiation or in the consideration to any estimated or designated quantity of acres.

2. Sales of like kind in which, though a supposed quantity by estimation is mentioned or referred to in the contract, the reference was made only for the purpose of description, and under such circumstances or in such manner as to show that the parties intended to risk the contingency of quantity, *whatever it might be*, or howmuchsoever it might exceed or fall short of that mentioned in the contract.

3. Sales in which it is evident from extraneous circumstances of locality, value, price, time and the conduct and conversation of the parties, that they did not contemplate or intend to risk more than the usual rate of excess or deficit in similar cases, or such as might be reasonably calculated on as within the range of ordinary contingency.

4. Sales which, though technically deemed and denominated sales in gross, are in fact sales by the acre, and so understood by the parties.

And it was held that "contracts belonging to either the two first classes, whether executed or executory, should not be modified where there has been no fraud; but in sales of either the latter kinds an unreasonable surplus or deficit may entitle the injured party to equitable relief, unless he has by his conduct waived or forfeited his equity."

It is plain the sale by Skinner to Walker does not belong to the first-mentioned class, because it *was* made with reference to an estimated quantity of acres; nor does it belong to

the second, for it is evident the estimated quantity was not referred to in the deed for the purpose of mere description, or in such manner as to show the parties intended to "risk the contingency of quantity, whatever it might be." On the contrary, the precision and minuteness with which the quantity was stated in the deed show the purpose of the parties to thus indicate the number of acres and fraction of an acre they then believed and agreed the tract contained.

It was not nor need have been done for the purpose of description because the tract had been fully described and identified as to locality and boundary in preceding part of the deed. Besides, the fact that the mistake involved unusual loss to the purchaser of nearly one-fourth the quantity of a tract estimated at only a fraction more than 170 acres, and corresponding gain to the seller of nearly one-fourth the purchase price, which was more than seventeen dollars per acre, is convincing they did not intend the contract should belong to either of the two first classes. And, in our opinion, if it was not actually intended to be a sale by the acre, the parties certainly did not contemplate a risk of more than the usual rate of excess or deficit in similar cases. So if Walker had in his answer alleged there was such a mistake, and asked relief therefrom before judgment was rendered against him, he would have unquestionably been entitled to abatement of purchase money in proportion to the deficit, for he had not then waived or forfeited his equity. And thus arises the question whether he had sufficient grounds for the new trial granted by the lower court.

As defined by section 340, Civil Code, "a new trial is a reexamination in the same court of an issue of fact after a verdict of the jury, or a decision by the court." And the particular cause alleged for a new trial of the cross action of Skinner is provided in subsection 7 as follows: "Newly-discov-

ered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced on the trial."

As it is not presumable Walker would have neglected to plead the mistake if discovered before, his sworn statement it was not discovered until after the judgment was entered should be credited. But the question still remains whether he could, with reasonable diligence, have discovered and produced the evidence on the trial. Reasonable diligence, in meaning of that subsection, does not necessarily involve an effort by the party to discover evidence proving, or tending to prove, a given fact, unless he has sufficient ground to believe it exists, or at least to put him on inquiry.

In this case, so far from there being sufficient ground to induce a belief that there was a deficit, the full and particular description of the quantity and boundary given in the deed of Skinner indicated the tract had been accurately surveyed, and was well calculated to mislead, and, consequently, excuse Walker from diligent inquiry on the subject. We therefore, think the lower court did not err in re-examining the issues as to the amount of purchase money due to Skinner, especially as the exceptions of Braswell, as purchaser, would have been anyhow sustained, and a re-sale of the land ordered.

The appeal of R. E. Walker and Braswell from that part of the judgment which sets apart one thousand dollars for the use of Adaline Walker presents the question, not before decided by this court, whether, according to the letter or reason of the statute, a woman who has been divorced absolutely from her husband still retains a homestead right in his land.

In considering the question various parts of the homestead law will be quoted or referred to.

Skinner v. Walker, &c.

Section 1702 provides there shall be exempt from co-ercive sale so much land, including the dwelling house and appurtenances owned by a debtor, *who is an actual bona fide housekeeper with a family,* as shall not exceed in value one thousand dollars.

Section 1705 is as follows: "Where the defendant * * * owns real estate which is levied on or sought to be subjected to the payment of any debt or liability, and the same * * * is of greater value than one thousand dollars, and not divisi-ble without great diminution of its value, then the same shall be sold, . * * * and one thousand dollars of the money arising from the sale *shall be paid to the defendant to enable him to purchase another homestead,"* etc.

Section 1706 provides that "no mortgage, release or waiver of such exemption shall be valid unless the same be in writing, subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as convey-ances of real estate; and such exemption in favor of an exe-cution debtor, or one against whom judgment has been ren-dered, shall continue after his death for benefit of his *widow* and children, but shall be estimated in allotting dower."

Section 1707 provides that "the homestead shall be for the use of the *widow* so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her."

And section 1708 provides "that the homestead of a woman shall in like manner be for use of her surviving hus band and children," situated as above.

According to the purpose and plan of the statute, plainly indicated by the sections referred to, the exempted home-stead, whether owned by husband or wife, was intended to be jointly occupied and enjoyed as an entirety by them while living as such, and, at termination of the marital relation by

death, to be occupied and enjoyed by the widow and infant children, or by the surviving husband and infant children, as the case may be; and although a mortgage in which the wife does not unite is, according to section 1706, invalid, and ineffectual to deprive her of the homestead, even if owned by the husband, still she may not claim or enjoy it exclusively, but only jointly and as co-occupant with him of the whole, for such mortgage, as consistently held by this court, is likewise invalid and ineffectual to divest him of the homestead.

Joint occupancy and enjoyment of the homestead by a man and woman becomes utterly impracticable after severance of the marital relation between them, and certainly was not contemplated by the legislature. Consequently setting apart his land for her use as a homestead, after such divorce, results in wholly depriving him as long as she chooses to occupy it; and to do that the court has no more authority than, after they are divorced, to take her land, occupied at the time, and give it to him as a homestead; nor does commutation of his homestead into money, under the circumstances prescribed by section 1705, remove the difficulty, for it is there expressly provided that the money shall be paid to the defendant to enable him to purchase another homestead, and is, therefore, no more divisible or subject to her exclusive use than the homestead would have been.

In our opinion a divorce from the bond of matrimony as effectually extinguishes all right of either husband or wife to the homestead owned by the other as it, by operation of section 2144, bars the claim of either to real or personal property of the other. It was, therefore, error to set apart the one thousand dollars in question for the use of Adaline Walker in lieu of the homestead.

Wherefore, the judgment granting new trial of the cross action of Skinner and abating the amount of the purchase

money to the extent of the deficit of the land is affirmed, as is that part of it applying the credit of five hundred dollars otherwise than as payment on the land note; but to extent it sets apart one thousand dollars for the use of Adaline Walker the judgment is reversed and the cause is remanded for proceedings conformable to this opinion.